UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSE J. ISAAC,

       Plaintiff,

                               Civil No. 06-519-HA

       v.

                               OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

HAGGERTY, Chief Judge:

       Plaintiff Jesse Isaac brings this action for judicial review of a final decision from defendant Commissioner denying plaintiff's application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) payments. Plaintiff applied for benefits on January 20,

1- OPINION AND ORDER

2003. This application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) conducted a hearing on May 10, 2005. On August 3, 2005, the ALJ issued a decision finding that plaintiff is not entitled to benefits. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff seeks judicial review of this decision.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. §

404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.  Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

3- OPINION AND ORDER

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

## SUMMARY OF THE ALJ'S FINDINGS

4- OPINION AND ORDER

At Step One of the five-step analysis used by the Commissioner, the ALJ found that plaintiff has not engaged in SGA since the alleged onset of his disability. Transcript of Record (hereinafter "Tr.") 14, 19.

At Step Two, the ALJ found that plaintiff had severe impairments, including HIV, an affective disorder, and a personality disorder with narcissistic and borderline features. Tr. 15, 19.

At Step Three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 15, 19.

At Step Four, the ALJ found that plaintiff is unable to perform his past relevant work. Tr. 17, 19. The ALJ so found after determining that plaintiff's RFC allows him to lift 20 pounds occasionally and 10 pounds frequently, stand and walk at least six hours out of an eight hour day, and sit at least six hours during an eight hour day. Tr. 17, 19. The ALJ also found plaintiff unable to work with the public but able to work with co-workers and others.

At Step Five, the ALJ found that plaintiff could perform light, unskilled work. Tr. 18.

**FACTS**

The relevant background has been presented thoroughly by the parties and in the ALJ's decision, and is summarized here. Plaintiff was fifty years old at the time the ALJ rendered a decision, has a college degree, and has completed most of the coursework for a master's degree in music. Plaintiff has past relevant work as a musician, music instructor, project coordinator, and bus driver. He alleged that his disability began on October 15, 2001, due to human immunodeficiency virus (HIV) infection and depression. Specific medical facts and background will be addressed as necessary in conjunction with the parties' remaining legal arguments.

5- OPINION AND ORDER

**DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision because the ALJ failed to give specific, legitimate reasons for rejecting examining physician Dr. Duane Kolilis' opinion concerning plaintiff's ability to accept supervision and to work with others.

While clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, the ALJ need only provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician. *Andrews*, 53 F.3d at 1041.

Here, the ALJ found Dr. Kolilis' opinion regarding plaintiff's potential inability to work with coworkers and supervisors was unsupported by other medical findings, which is a legitimate basis for giving minimal weight to a doctor's opinion. *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004). In reviewing the evidence of record, the ALJ acknowledged that other medical reports described plaintiff's self-reported tendency to isolate, as well as his difficultly managing anger at the workplace and in school when he was using drugs. Tr. 16-17. There was no evidence, however, that anger was a problem when plaintiff was not using drugs. Tr. 17. The ALJ properly noted that plaintiff's daily activities were inconsistent with any alleged significant social limitations regarding coworkers and supervisors. Tr. 16. The ALJ also relied on testimony from plaintiff's friend and neighbor, John Paul, in rejecting plaintiff's claimed social limitations. Summarizing and interpreting conflicting evidence is one way an ALJ can give specific, legitimate reasons for rejecting controverted medical opinions. *Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989). Here, after summarizing the relevant evidence of

record, the ALJ appropriately noted that the overall record failed to substantiate any significant limitations in working with coworkers and supervisors. Tr. 16. This court finds the that the ALJ's explanation was specific, legitimate, and supported by substantial evidence.

**CONCLUSION**

Based on the foregoing, the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff Jesse Isaac's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this   9   day of August, 2007.

                                            /s/ Ancer L. Haggerty
                                              Ancer L. Haggerty
                                        United States District Judge